IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MARCUS J. JOHNSON,

    Plaintiff,

v.                                                                  Civil Action No. 21-905-RGA

MATTHEW WOFFORD, et al.,

    Defendants.

---

Marcus J. Johnson, Wilmington, Delaware.   Pro Se Plaintiff.

Scott G. Wilcox, Esquire, Moore & Rutt, PA, Wilmington, Delaware.   Counsel for Defendants

## MEMORANDUM OPINION

February 15, 2023
Wilmington, Delaware

**ANDREWS, U.S. District Judge:**

Plaintiff Marcus J. Johnson appears *pro se* and proceeds *in forma pauperis*. (D.I. 1). On June 24, 2021, he filed this action pursuant to 42 U.S.C. § 1983.[1] (D.I. 2). Before the Court is Defendants' motion to dismiss. (D.I. 20). Plaintiff has filed a response in opposition. (D.I. 22).

## I.   BACKGROUND

Plaintiff's allegations took place in May 2020, during which time he was incarcerated at the James T. Vaughn Correctional Center ("JTVCC") in Smyrna, Delaware. He named as defendants Centurion of Delaware, LLC, which was the health service provider for JTVCC, and Matthew Wofford, who was employed by Centurion as the health service administrator at JTVCC.

I take the factual allegations of the Complaint as true and construe them in the light most favorable to Plaintiff. In June 2019, Plaintiff was diagnosed with keratoconus and "primary open-angle glaucoma, bilateral." (D.I. 2 at 5). He was prescribed latanoprost by an "eye doctor," to be used nightly before going to sleep. (*Id.*). On May 1, 2020, Plaintiff requested a refill of latanoprost. (*Id.*). The policy and practice of the medical department was to refill medication prescriptions within seventy-two hours. (*Id.*). Plaintiff used his last daily dose of latanoprost on May 8, 2020, but he did not receive his refill until June 1, 2020. (*Id.*). During the approximately three weeks in which he did not have latanoprost, he suffered from severe pain in both eyes, daily dizziness, loss of acuity within his eyes, and mental anguish. (*Id.* at 7). Plaintiff filed a

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

1

grievance, which was upheld by the medical department bureau chief, who agreed that "patient should be given his eye drops refill in a timely manner. Medical to make every effort to provide timely refills to patient." (*Id.* at 5). This incident represented the fourth time there was a delay in providing Plaintiff with a latanoprost refill. (*Id.*). For relief, Plaintiff seeks $100,000 in damages. (*Id.* at 7). He also, without elaboration, requests appointed counsel. (*Id.*).[2]

On February 25, 2022, I screened and reviewed the Complaint and allowed Plaintiff to proceed on his claims. (D.I. 16). On April 12, 2022, Defendants filed a motion to dismiss for failure to state a claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (D.I. 20). Plaintiff opposes the motion to dismiss. (D.I. 22).

## II. LEGAL STANDARD

In reviewing a motion filed under Fed. R. Civ. P. 12(b)(6), I must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* at 94. A Rule 12(b)(6) motion maybe granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

---

[2] Plaintiff's request for appointed counsel will be denied without prejudice to renew, given that he has not addressed any of the relevant factors that must be considered in assessing such a request. *See Tabron v. Grace*, 6 F.3d 147, 155-56 (3d Cir. 1993).

"Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). I am "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) (per curiam).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 12. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## III.   DISCUSSION

Plaintiff claims that Defendants were deliberately indifferent to his medical needs. The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-05 (1976). In order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *Id.* at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if he or she knows that a

3

prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Although Plaintiff was allowed to proceed on his deliberate indifference claims following screening (D.I. 16), I now have the benefit of adversarial briefing, and I now conclude that the facts alleged in the Complaint fail to state an actionable constitutional claim against either Defendant.
Corporations such as Centurion that contract with government entities to provide prison medical services cannot be held liable under § 1983 based on theories of *respondeat superior* or vicarious liability. *See Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583 (3d Cir. 2003) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)); *see also Miller v. Corr. Med. Sys., Inc.*, 802 F. Supp. 1126, 1131-32 (D. Del. 1992). Instead, a corporation's liability for constitutional violations under § 1983 may be established only if the plaintiff provides evidence of a "relevant [] policy or custom, and that the policy caused the constitutional violation they allege." *Natale*, 318 F.3d at 584; *see also Price v. Kozak*, 569 F. Supp. 2d 398, 413 (D. Del. 2008).

"To satisfy the pleading standard, [Plaintiff] must identify [the] custom or policy, and specify what exactly that custom or policy was." *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009). Plaintiff fails to meet this requirement. To the contrary, Plaintiff identifies the existence of a Centurion policy and practice that would have prevented his injuries (prescriptions are to be filled within seventy-two hours), but he alleges that unidentified individuals failed to follow the policy (in May 2020 and on three other occasions that are not the immediate subject of this action). Plaintiff underlines this point by alleging that the medical department bureau chief, in upholding Plaintiff's

grievance, reiterated that he should be timely given his refills, and that "every effort" will be made to ensure that they are timely refilled. (D.I. 2 at 5). Accordingly, given the absence of allegations of an unconstitutional Centurion policy or practice, I conclude that Plaintiff has failed to state a claim against Centurion.

As to Defendant Wofford, liability in a civil rights action cannot be based on *respondeat superior* alone and defendants in such actions must be alleged to have had personal involvement in the wrongs complained of. See *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Id.* at 1208. Most of Plaintiff's allegations against Wofford are purely based on his supervisory role, which allegedly made him "well aware of the various delays within the medical dept. and years of it." (D.I. 2 at 6). The Third Circuit has explained that "[p]ersonal involvement must be alleged and is only present where the supervisor directed the actions of supervisees or actually knew of the actions and acquiesced in them." *Jetter v. Beard*, 130 F. App'x 523, 526 (citing *Rode*, 845 F.2d at 1207). In *Jetter*, the Third Circuit affirmed the dismissal of allegations that officials violated a plaintiff's Eighth Amendment rights because they allegedly "knew or should reasonably have known" that the prison doctor's actions would cause unnecessary pain and further injury. *Id.* at 525. Such is the tenor of Plaintiff's allegations against Wofford here, which are accordingly subject to dismissal. Although Plaintiff additionally alleges that Wofford "is/was strategically causing the plaintiff mental/physical harm," (D.I. 2 at 6), this conclusory assertion is lacking in any factual support pleaded with particularity, and thus is not enough to save his claim against Wofford.

5

Since it is plausible that Plaintiff may be able to articulate a deliberate indifference claim, I will dismiss the Complaint without prejudice.

## IV. CONCLUSION

For the foregoing reasons, I will grant Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), and deny Plaintiff's request for appointed counsel. Plaintiff will be given leave to file an amended complaint.

A separate order shall issue.